**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 14, 2021

LETTER TO COUNSEL

RE:     *Larry J. v. Commissioner, Social Security Administration*
        Civil No. SAG-20-3252

Dear Counsel:

On November 10, 2020, Plaintiff Larry J. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment and supporting memoranda. ECF Nos. 14, 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claim for benefits on May 29, 2018, alleging a disability onset date of May 23, 2018. Tr. 177-78. His claim was denied initially and on reconsideration. Tr. 87-90, 93-99. On March 20, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 40-64. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 18-34. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairment of "diabetes mellitus with neuropathy." Tr. 23. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) except he must avoid concentrated exposure to hazards such as moving mechanical parts, unprotected heights, fire, and open bodies of water[.]

Tr. 26. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work as a bus driver or streetcar operator, but that he

*Larry J. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3252
September 14, 2021
Page 2

could perform other jobs existing in significant numbers in the national economy.  Tr. 28-30.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 30.

Plaintiff's sole argument on appeal is that the ALJ failed to include manipulative limitations in his RFC assessment.[1]  ECF No. 14-1 at 7-9.  Specifically, Plaintiff contends that, because of the ALJ's finding at step two that Plaintiff suffered from neuropathy, the ALJ did not "adequately represent all of [Plaintiff's] physical limitations" in his RFC due to the lack of these manipulative limitations.  *Id.*  However, there is no requirement that every severe impairment correlate with a particular restriction in the RFC assessment.  *Carrier v. Astrue*, Civil No. SAG-10-3264, 2013 WL 136423, at *1 (D. Md. Jan. 9, 2013).  A plaintiff's burden of showing a severe impairment at step two is only a "*de minimis* screening device used to dispose of groundless claims."  *Taylor v. Astrue*, No. BPG-11-032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)).  Accordingly, any doubt or ambiguity in the evidence at step two should be resolved in Plaintiff's favor, and the ALJ should continue with the sequential evaluation.  Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *4 (Jan. 1, 1985).

While there is no requirement that each impairment correlate with particular restrictions in the RFC, the ALJ's findings of Plaintiff's limitations must be supported by substantial evidence.  *Carrier*, 2013 WL 136423 at *1.  "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."  SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996).  The ALJ is required to include a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p).  "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'"  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).  A proper narrative is necessary for judicial review.  *See Geblaoui v. Berryhill*, Civil No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) ("Without a proper narrative discussion from the

---

[1] Plaintiff also argues that the ALJ failed to provide the VE with a sufficient hypothetical.  ECF No. 14-1 at 7-8.  Specifically, Plaintiff contends that the ALJ's failure to include manipulative limitations in the hypothetical to the VE rendered the VE's opinion deficient.  However, an ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a plaintiff's limitations.  *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988).  Indeed, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence.  *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).  In this case, as noted above, the ALJ provided substantial evidence to support her conclusion that Plaintiff's manipulative limitations did not warrant corresponding restrictions in the RFC assessment.  Therefore, the ALJ was under no obligation to include manipulative limitations in her hypothetical to the VE.  Accordingly, the ALJ's hypothetical was proper, and remand is unwarranted.

*Larry J. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3252
September 14, 2021
Page 3

ALJ, it is impossible for the Court to determine if the ALJ's decision on Plaintiff's RFC limitations is supported by substantial evidence."). Of course, "it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

In this case, Plaintiff complained of pain, numbness and tingling in his hands and feet and noted Dr. Shawn Dhillon's Diabetes Mellitus Medical Source Statement ("Medical Source Statement") which states that, among other restrictions, Plaintiff can sit and stand/walk for less than two hours and must have his legs elevated throughout the workday. Tr. 340-41. In his RFC, the ALJ noted Plaintiff's allegations and reviewed the medical evidence of record, but found that "[p]hysical examinations throughout the record reflect[] normal appearance of the extremities, good range of motion in the joints, full motor strength bilaterally, and good reflexes." Tr. 27. Specifically regarding Dr. Dhillon's Medical Source Statement, the ALJ stated that she found it to be unpersuasive because "Dr. Dhillon's treatment notes illustrate benign physical examinations with only some unspecified decreased range of motion and swelling" and because "there is no evidence of diagnostic testing to objectively support these symptoms." Tr. 28. Additionally, the ALJ noted that the record contains five treatment notes from Dr. Dhillon between February 2018 and June 2018, but the Medical Source Statement is dated April 2019. *Id.* There was no evidence to suggest that Dr. Dhillon had seen Plaintiff in the intervening time period. Furthermore, the ALJ stated that "[n]o other records support such extreme limitations and the record generally reflects minimal treatment." *Id.* In particular, the ALJ cited Plaintiff's February, 2019 consultative examination with Howard B. Cohen, M.D., during which he displayed "a generally normal presentation" with no difficulties with walking, strength, or dexterity. Tr. 31.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ provided substantial evidence to support her conclusion that Dr. Dhillon's Medical Source Statement was unpersuasive and that Plaintiff's manipulative limitations did not warrant corresponding restrictions in the RFC assessment. Remand on this basis is therefore unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 14, is DENIED, and Defendant's Motion for Summary Judgment, ECF 15, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

*Larry J. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3252
September 14, 2021
Page 4

   Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

       Sincerely yours,

        /s/
       Stephanie A. Gallagher
       United States District Judge